UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI, | No. 2:20-cv-00897-CKD P |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY ROSARIO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion to compel the preservation of evidence. ECF No. 28. In light of the parties' stipulation to amend the discovery and scheduling order governing this case, the court will deny plaintiff's motion without prejudice for the reasons outlined below.

**I.     Factual and Procedural History**

This case is proceeding on Eighth Amendment deliberate indifference claims against defendants Rosario, Brown, Vanni, Altschuler, and Kassis; an Eighth Amendment failure to protect claim against defendants Rosario and Brown; a First Amendment retaliation claim against defendants Rosario, Brown, and Vanni; and supplemental state law tort claims against all defendants. See ECF No. 9 (screening order). The events at issue occurred while plaintiff was an inmate at Mule Creek State Prison.

1

On September 9, 2020, the court denied plaintiff's motion to compel the CDCR to preserve audio and video surveillance footage without prejudice. ECF No. 9. The court determined that the motion was premature because defendants had not even been served with the complaint. Id.

On April 22, 2021, plaintiff filed a renewed motion to compel defendants to preserve audio and video surveillance footage from Mule Creek State Prison. ECF No. 28. The motion seeks prison surveillance footage from various locations on four different dates ranging from January 14, 2019 to June 8, 2019. ECF No. 28 at 1-2. Plaintiff indicates that he submitted several requests to preserve this evidence to different prison officials at Mule Creek prior to initiating this lawsuit. ECF No. 28 at 3-4. Plaintiff further indicates that he was provided the opportunity to view some video surveillance footage and photographs related to the issuance of a May 6, 2019 Rules Violation Report ("RVR") against him. See ECF No. 28 at 24-27. However, his motion to preserve relates to additional video surveillance footage from different dates and locations in the prison.

A discovery and scheduling order was entered by the court setting a discovery deadline of August 20, 2021. ECF No. 27. Since that date, the parties have stipulated to extend the discovery and scheduling deadlines governing this case. ECF No. 31.

**II.     Legal Standards**

As the court has previously indicated, "a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." Ameripride Svcs., Inc. v. Valley Indus. Serv., Inc., 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006) (citation omitted). This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is generally sufficient to secure the preservation of relevant evidence. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991). In reviewing a motion to preserve evidence, the court engages in a balancing test of several factors. Jardin v. Datallegro, Inc., 2008 WL 4104473 (S.D. Cal. Sept. 3, 2008). These factors include:

> "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any

>       irreparable harm likely to result to the party seeking the preservation
>       of the evidence absent an order directing preservation; and 3) the
>       capability of an individual, entity, or party to maintain the evidence
>       sought to be preserved…."

<u>Daniel v. Coleman Co., Inc.</u>, 2007 WL 1463102 at *2 (W. D. Wash. May 17, 2007) (citation omitted).

### III.     Analysis

Plaintiff filed the pending motion to preserve evidence before discovery had even commenced. At this early stage in the litigation, plaintiff has not demonstrated that defendants have failed to produce the requested audio and video surveillance footage pursuant to his formal discovery request. More importantly, there is no indication in the record that such video surveillance footage has been destroyed. The Mule Creek State Prison Operational Procedure for Audio/Video Surveillance Systems indicates that audio and video footage shall be preserved for longer than one year when it involves "potential evidence in an investigation, an administrative, civil, or criminal proceeding" involving "[a]llegations of inmate misconduct…" or '[a]llegations of staff misconduct by an inmate." ECF No. 28 at 14. Given the duty to preserve evidence and the absence of any showing by plaintiff that there is reason for the court to be concerned about the destruction of this evidence, plaintiff's motion shall be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel the preservation of evidence (ECF No. 28) is denied without prejudice.

Dated: June 7, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mart0897.mtc.docx

3